IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NORTHWOODS WILDERNESS RECOVERY, THE MICHIGAN NATURE ASSOCIATION, DOOR COUNTY ENVIRONMENTAL COUNCIL, THE HABITAT EDUCATION CENTER, NATURAL RESOURCES DEFENSE COUNCIL, and THE CENTER FOR BIOLOGICAL DIVERSITY,<br><br>      Plaintiffs,<br>   v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior; UNITED STATES DEPARTMENT OF THE INTERIOR; H. DALE HALL, Director of the United States Fish and Wildlife Service, and UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>      Defendants. | Case No. 08-CV-1407 (BMM)<br><br>**DEFENDANTS' ANSWER** |

## INTRODUCTION

1. The allegations in paragraph 1 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

2. Defendants deny the allegations in the first sentence of paragraph 2. Defendants admit the remaining allegations in paragraph 2.

3. The allegations in the first sentence of paragraph 3 purport to characterize 71 Fed. Reg. 42442, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content. The remaining allegations in paragraph 3 consist of legal conclusions, which require no response. To the extent a response is required,

Defendants deny the allegations.

4. The allegations in paragraph 4 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## JURISDICTION AND VENUE

5. The allegations in paragraph 5 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

6. The allegations in paragraph 6 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

7. In response to the allegations in paragraph 7, Defendants admit that the Secretary of the Interior and the U.S. Fish and Wildlife Service received a letter dated December 21, 2007, stating an intent to sue.

8. The allegations in paragraph 8 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

9. Defendants admit that the Final Rule at issue was primarily authored by the Fish and Wildlife Service's Chicago, Illinois, Ecological Service Field Office.  The remaining allegations consist of legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations.

## PARTIES

10. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10, and on that basis deny the same.

11. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis deny the same.

12. Defendants lack knowledge and information sufficient to form a belief as to the truth of

the allegations in paragraph 12, and on that basis deny the same.

13. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis deny the same.

14. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14, and on that basis deny the same.

15. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis deny the same.

16. In response to the allegations in paragraph 16, Defendants admit that Dirk Kempthorne is the Secretary of the Interior and that in his official capacity he supervises agencies and bureaus under the Department of Interior, including the U.S. Fish and Wildlife Service ("Service"), which is responsible for administering certain portions of the ESA. The remaining allegations consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

17. In response to the allegations in paragraph 17, Defendants admit that H. Dale Hall is the Director of the Service, the agency which is responsible for administering certain portions of the ESA. The remaining allegations consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

18. In response to the allegations in paragraph 18, Defendants admit that the U.S. Department of the Interior is, among other functions, the Department responsible for administering certain portions of the ESA. The remaining allegations consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

19. In response to the allegations in paragraph 19, Defendants admit that the U.S. Fish and Wildlife Service, under the jurisdiction of the Department of Interior, is the agency responsible for

administering certain portions of the ESA. The remaining allegations consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## LEGAL BACKGROUND

20. The allegations in paragraph 20 purport to characterize the <u>TVA v. Hill</u> and the ESA, a case and statute that speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain meaning and content.

21. The allegations in paragraph 21 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

22. The allegations in paragraph 22 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

23. The allegations in paragraph 23 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

24. The allegations in paragraph 24 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

25. The allegations in paragraph 25 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

26. The allegations in paragraph 26 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

27. The allegations in paragraph 27 purport to characterize the ESA, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

28. The allegations in paragraph 28 purport to characterize two cases and a House Report discussing the ESA, which speak for themselves and are the best evidence of their content. Defendants deny any allegations contrary to the plain meaning and content of the cases and House Report.

29. The allegations in paragraph 29 purport to characterize the Administrative Procedure Act, a statute which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

## FACTUAL BACKGROUND

30. Defendants deny the allegations in the first sentence of paragraph 30. The remaining allegations purport to characterize the Proposed Rule and Recovery Plan, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to the plain meaning and intent of the Proposed Rule and Recovery Plan.

31. The allegations in paragraph 31 purport to characterize the Recovery Plan for the Hine's Emerald Dragonfly, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and intent.

32. The allegations in paragraph 32 purport to characterize 60 Fed. Reg. at 5267 and Recovery Plan, at 1, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain meaning and content.

33. Defendants admit the allegations in paragraph 33.

34. The allegations in paragraph 34 purport to characterize 71 Fed. Reg. 42442, a document

that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

35. The allegations in paragraph 35 purport to characterize 71 Fed. Reg. 42442, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

36. The allegations in paragraph 36 purport to characterize 71 Fed. Reg. 42442, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

37. Defendants admit the allegations in paragraph 37.

38. Defendants admit the allegations in paragraph 38.

39. Defendants admit the allegations in paragraph 39.

40. The allegations in paragraph 40 purport to characterize 72 Fed. Reg. 51102, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

41. The allegations in paragraph 41 purport to characterize the proposed rule and the final rule found at 72 Fed. Reg. 51102, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations contrary to their plain meaning and content.

42. The allegations in paragraph 42 purport to characterize 72 Fed. Reg. 51102, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.

43. The allegations in the first 2 sentences of paragraph 43 purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content. The allegations in the last sentence of

paragraph 43 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

44. The allegations in the first 2 sentences of paragraph 44 purport to characterize 72 Fed. Reg. at 51127,28, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content. The allegations in the remaining sentences of paragraph 44 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

45. The allegations in the first sentence of paragraph 45 purport to characterize 72 Fed. Reg. at 51127, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to its plain meaning and content.  The allegations in the second sentence of paragraph 45 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

46. The allegations in paragraph 46 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

47. The allegations in the first sentence of paragraph 47 consist of legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 47.  The remaining allegations in paragraph 47 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

48. The allegations in the first sentence of paragraph 48 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of paragraph 48 purport to characterize 72 Fed. Reg. at 51126-28, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any

allegations contrary to its plain meaning and content.

49. The allegations in paragraph 49 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

50. The allegations in paragraph 50 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

51. The allegations in paragraph 51 consist of legal conclusions and Plaintiffs' characterization of their case, which require no response. To the extent a response is required, Defendants deny the allegations.

## CLAIMS FOR RELIEF

### First Claim for Relief

Failure to designate Critical Habitat within the Hiawatha National Forest

(Endangered Species Act and Administrative Procedures Act)

52. Defendants incorporate by reference each and every answer to the allegations in the above paragraphs.

53. The allegations in paragraph 53 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

54. The allegations in paragraph 54 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

### Second Claim for Relief

Failure to Designate Critical Habitat within the Mary Twain National Forest

(Endangered Species Act and Administrative Procedures Act)

55. Defendants incorporate by reference each and every answer to the allegations in the above paragraphs.

56. The allegations in paragraph 53 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

57. The allegations in paragraph 54 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiffs' prayer for relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations in the Complaint, whether express or implied, that are not expressly admitted, denied or qualified herein.

Dated:       May 15, 2008

                    Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-4163

RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

 /s/ Rebecca J. Riley
REBECCA RILEY, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0202
(202) 305-0275 (fax)

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such to counsel of record.

          /s/ Rebecca J. Riley
    REBECCA J. RILEY