IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| NORTHWOODS WILDERNESS RECOVERY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 08-cv-1407 (BMM) (SEC) <br><br> **JOINT RULE 26(f)** <br> **STATUS REPORT** |

The Plaintiffs and Defendants in this case, through the undersigned counsel, hereby submit this Joint Status Report pursuant to Federal Rule of Civil Procedure 26(f).

A. **Nature of the Case**

1. Claims and Bases for Jurisdiction

Plaintiffs allege that Defendants excluded over 13,000 acres of national forest land in Michigan and Missouri from the final "critical habitat" designation for the Hine's emerald dragonfly in violation of the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*

Jurisdiction over this action is based on 16 U.S.C. § 1540(c) and (g) (action arising under the ESA citizen suit provision), 5 U.S.C. § 702 (judicial review of agency action); and 28 U.S.C. § 1331 (federal question jurisdiction).

2. Relief Sought

Plaintiffs seek declaratory and injunctive relief. Plaintiffs ask the Court to: 1) declare that Defendants have violated the ESA and APA; 2) order Defendants to issue a revised proposed critical habitat designation within 90 days and a revised final critical habitat designation within one year; 3) order Defendants to maintain and enforce the current critical habitat designation pending the completion of an adequate revised critical habitat designation; 4) pending the completion of an adequate revised critical habitat designation, enjoin Defendants from issuing any incidental take permit, approval, biological opinion, or concurrence pursuant to section 7 of the ESA, for any actions that may adversely modify Hine's emerald dragonfly habitat in the Michigan and Missouri national forest areas excluded from the current critical habitat designation; and 5) retain jurisdiction until Defendants have complied fully with the Court's order.

Plaintiffs do not seek monetary damages. Plaintiffs do seek their fees and costs, including reasonable attorney's fees.

3. Service of Parties

All parties have been served.

4. Major Legal and Factual Issues

The parties anticipate that this case will be decided based on the administrative record for the Hine's emerald dragonfly critical habitat designation. The primary legal and factual dispute will relate to whether or not the Defendants' designation of critical habitat for the Hine's emerald dragonfly, and specifically its exclusion of the Michigan and Missouri national forest land from that designation, satisfies the requirements of § 4(b)(2) of the ESA, 16 § 1533(b)(2). Section 4(b)(2) of the ESA states:

> "The Secretary [of the Interior] shall designate critical habitat, and make revisions thereto, under subsection (a)(3) of this section on the basis of the best scientific data available and after taking into consideration the economic impact, the impact on national security, and any other relevant impact, of specifying any particular area as critical habitat. The Secretary may exclude any area from critical habitat if he determines that the benefits of such exclusion outweigh the benefits of specifying such area as part of the critical habitat, unless he determines, based on the best scientific and commercial data available, that the failure to designate such area as critical habitat will result in the extinction of the species concerned."

5. Key authorities

The parties have not yet identified all of the key authorities on which they intend to rely. However, Plaintiffs point to Gifford Pinchot Task Force v. U.S. Fish and Wildlife Service, 378 F.3d 1059, 1070 (9th Cir. 2004), cited in the Complaint, and Sierra Club v. U.S. Fish and Wildlife Serv., 245 F.3d 434 (5th Cir. 2001) as providing helpful background on the purposes of the ESA and of critical habitat designations.

B. **Draft Scheduling Order Outline**

The parties anticipate that this matter will be resolved on cross-motions for summary judgment, based on an administrative record. At this time, the parties do not anticipate a need for discovery in this matter, besides potential discovery related to the completeness of the administrative record. Because the parties are actively engaged in settlement negotiations, which may make it unnecessary for the Defendants to prepare the administrative record, the parties request that the Court refrain from setting a schedule at this time for amending the pleadings, production of the administrative record, completion of discovery, or filing motions for summary judgment.

The parties will inform the Court promptly (within two weeks) after any party determines that settlement is not likely to occur without further litigation activity. The

parties will propose a schedule for production of an administrative record and summary judgment briefing at that time. Defendants anticipate that they will require thirty days to prepare the administrative record once a schedule is set.

### C. Trial Status

Plaintiffs have not requested a jury trial. The parties do not anticipate that a trial will be necessary to resolve this case.

### D. Magistrate Judge

The parties do not consent to proceed before a Magistrate Judge for all proceedings including trial.

### E. Settlement Status

The parties are engaged in active settlement negotiations. The parties do not request a settlement conference with Judge Manning or with the Magistrate Judge at this time. However, in the future, the parties may request such a conference if they believe that such a conference would be helpful.

Dated: June 12, 2008

Respectfully submitted,

By:

/s/ Aaron M. Bloom
Aaron M. Bloom (Admitted *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street
New York, NY 10011
Telephone: (212) 727-4417
Fax: (212) 727-1773
Email: abloom@nrdc.org

Attorney for Plaintiffs


PATRICK J. FITZGERALD
United States Attorney
KURT N. LINDLAND
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-4163

RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

/s/ Rebecca J. Riley  AMB
REBECCA RILEY, Trial Attorney
U.S. Department of Justice
Wildlife & Marine Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0202
(202) 305-0275 (fax)

Attorneys for Defendants